IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-01-211 (1) |
| | § | C.A. No. C-05-73 |
| JOSE GUADALUPE ALANIS-SALINAS, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Jose Guadalupe Alanis-Salinas' ("Alanis-Salinas")[1] motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which is deemed filed as of January 31, 2005.[2] (D.E. 32).[3] The Court ordered the government to respond, and the government filed a response and motion to dismiss on May 2, 2005. For the reasons set forth below, the Court DENIES Alanis-Salinas' motion. Additionally, the Court DENIES him a Certificate of Appealability.

---

[1] Although in his motion he refers to himself as Jose Guadalupe Alaniz-Salinas, the defendant was charged under the name Alanis-Salinas and was referred to by that name throughout the underlying criminal proceedings. The Court therefore utilizes the name Alanis-Salinas herein.

[2] Alanis-Salinas' motion was received by the Clerk's office on February 3, 2005. It contains a certificate of service, however, that states it was provided to prison authorities for mailing to the U.S. Attorney's Office on January 31, 2005. A motion by a *pro se* prisoner is deemed filed at the time it is provided to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). Thus, the Court deems the motion filed as of January 31, 2005.

[3] Docket entry references are to the criminal case, Cr. C-01-211.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On June 28, 2001, Alanis-Salinas was charged in a one-count indictment with knowingly and intentionally possessing with intent to distribute approximately 298 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E.1). He proceeded to trial and a jury trial was held on August 20, 2001 and August 21, 2001. (D.E. 14, 17). The jury returned a verdict of guilty on August 21, 2001. (D.E. 17, 23). On October 30, 2001, the Court sentenced Alanis-Salinas to 120 months in the custody of the Bureau of Prisons, to be followed by a 96-month supervised release term, and imposed a $100 fine and a $100 special assessment. (D.E. 29, 30). Judgment was entered against Alanis-Salinas on November 5, 2001. (D.E. 30). He did not appeal. On January 31, 2005, he filed a motion seeking relief under § 2255 (D.E. 32), which is now pending before the Court.[4]

---

[4] Because the title of Alanis-Salinas' motion also includes a referene to the writ of coram nobis, the Court notes that, even if treated as a writ of coram nobis, Alanis-Salinas would not be entitled to relief. "The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction." United States v. Hatten, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (citation omitted). Thus, the writ of *coram nobis* is only available to a person who is not in custody. Because Alanis-Salinas is currently incarcerated and serving the sentence he challenges in his motion, the writ is not available to him. Finally, as the government correctly notes, a petitioner cannot use *coram nobis* to override the one-year limitation Congress has imposed in section 2255. United States v. Esogbue, 357 F.3d 532, 535 (5th Cir. 2004)(citing and quoting from Godoski v. United States, 304 F.3d 761, 763 (7th Cir. 2002)("coram nobis is a common-law writ, and it is entirely inappropriate for the judiciary to invoke the common law to override limitations enacted by Congress, such as the period of limitations in § 2255")).

### III.  DISCUSSION

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[5]  28 U.S.C. § 2255.  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

A defendant must file a notice of appeal from a criminal judgment not later than ten days after entry of judgment.  Fed. R. App. P.  4(b).  At the time that Alanis-Salinas' judgment was entered, Fed. R. App. P. 26 provided that the ten-day period for appealing did ***not*** exclude intermediate Saturdays, Sundays and legal holidays.[6]  Calculated under Rule 26 in effect at that time, then, ten days after November 5, 2001 is November 15, 2001.  In this case, Alanis-Salinas did not appeal.  His

---

[5]     The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[6]     At the time final judgment was entered against Alanis-Salinas, Rule 26(a), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days."  Effective December 1, 2002, the rule reads that a litigant should "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days."  See 2002 Adv. Comm. Notes, Fed. R. App. P. 26.

conviction therefore became final when the time for filing an appeal expired, or on November 15, 2001.

He had one year from that date, or until November 15, 2002, to file a § 2255 motion. Because he did not file his motion until January 31, 2005, his motion was filed more than two years late. Alanis-Salinas does not offer any explanation for his untimely filing, nor does the record disclose any basis for equitable tolling. Indeed, the limitations period for § 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5thh Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Neither his motion nor the record discloses any facts that would support a finding that the limitations period should be tolled. Accordingly, his motion is denied as time-barred.

**B.     Timeliness of Booker claim**

In his motion, Alanis-Salinas asserts a claim under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Specifically, he asks for a review of his sentence and claims that he should have received a 60-month sentence instead of a 120-month sentence. He also appears to be arguing that the term of imprisonment recommended in the guidelines has been "reduced by the Commission" and thus the Court should reduce his sentence. (D.E. 32 at 2, citing 28 U.S.C. § 994(u)).[7]

Because he relies on Booker, the Court also addresses separately whether any claim pursuant to Booker is timely. If Booker applies retroactively to cases on collateral review, then his Booker

---

[7]     His contention that the Sentencing Guidelines for his offense have been subsequently reduced, pursuant to 28 U.S.C. § 994(u), is incorrect. Thus, even if his motion were timely, he would not be entitled to relief on this claim. To the extent he believes the guidelines were changed because of the Supreme Court's decision in Booker, the merits of that claim are addressed in Section III.C. infra.

claim is arguably timely under § 2255(3). See supra note 5. For the reasons set forth herein, however, the Court concludes that Booker does not apply retroactively to cases already final on direct review when it was decided. Thus, any claim based on Booker is also subject to dismissal because it is not timely.

   **1.   Booker Background**

To explain the Court's conclusions regarding the retroactivity of Booker, some background regarding both Booker and its predecessor, Blakely v. Washington, 124 S. Ct. 2531 (2004), is warranted. In Blakely, the Supreme Court held that the trial court's sentencing of the state defendant violated his Sixth Amendment right to a jury trial. Specifically, the court held that Apprendi v. New Jersey, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found by him using a preponderance of the evidence standard, in order to impose more than the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant. Blakely, 124 S. Ct. at 2537-38. Blakely involved a defendant sentenced in a Washington state court pursuant to Washington's determinate sentencing scheme. See generally id.

Booker addressed Blakely's impact on the federal sentencing guidelines, which are applied in federal criminal cases. Booker consists of two majority decisions. In the first majority opinion, the Court held that Blakely applied to the federal guidelines. As with the sentencing scheme at issue in Blakely, the mandatory nature of the federal sentencing guidelines implicated defendants' Sixth Amendment rights, because the guidelines can require judges to find facts and sentence defendants to more severe sentences than could be imposed based solely on facts found by the jury or admitted in the plea colloquy. Booker, 125 S. Ct. at 750-51, 756.

In the second majority opinion, the Supreme Court discussed the remedy to be applied in light of its first holding. The remedy selected by the majority of the justices was to excise certain portions of the guidelines (most notably the provision making them mandatory, 18 U.S.C. § 3553(b)(1), and a provision dealing with appeals from sentencing decisions, 18 U.S.C. § 3742(e)), but to preserve the scheme as a whole. Booker, 125 S. Ct. at 756-57. As a result, the Court's decision rendered the guidelines "effectively advisory." Id. at 757. The court held, however, that district courts are required to consider the advisory guideline sentence when sentencing within the statutory ranges set by Congress. Id.

For the reasons discussed in the next section of this Order, the Court concludes that relief under Booker is not available on collateral review to a defendant like Alanis-Salinas, whose conviction became final prior to the date Booker was decided, January 12, 2005.

**2.    Retroactivity Analysis**

Neither of the majority opinions states that Booker should be applied retroactively to convictions and sentences that are already final. Instead, Justice Breyer's decision concerning the proper remedy simply indicates that the Court's Booker holdings should be applied "to all cases on direct review." Booker, 125 S. Ct. at 769 (emphasis added).[8]

More pertinent to the issue of Booker and Blakely retroactivity is the Supreme Court's decision in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), handed down the same day as Blakely. In Schriro, the Supreme Court was faced with determining whether its decision in Ring v. Arizona, 536 U.S. 584 (2002), could be applied retroactively on collateral review. Ring, like Blakely, applied

---

[8] The Court recognizes, of course, that retroactivity was not an issue in Booker or its companion case, Fanfan, both of which came to the Supreme Court as direct criminal appeals. Thus, the quoted language arguably has no meaning as to Booker's retroactivity in collateral proceedings.

the principles of Apprendi. In Ring, the Court held that a jury must find the aggravating facts statutorily required to impose the death penalty. In Schriro, the Court first concluded that Ring was a new rule of procedure (as opposed to a substantive rule), and noted the general principle that new rules of procedure do not apply retroactively. 124 S. Ct. at 2522-23. It then determined that the rule in Ring did not fall within any of the narrow exceptions to the general principle, as set forth in Teague v. Lane, 489 U.S. 288 (1989), including the exception for "watershed rules of criminal procedure" essential to the fairness of the proceedings. Schriro, 124 S. Ct. at 2524-25. It concluded, therefore, that "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." Schriro, 124 S. Ct. 2526.

This Court finds the reasoning in Schriro to be persuasive and pertinent here. Like the rule in Ring, the rule announced in Blakely (and extended to the federal guidelines in Booker) is a new rule of procedure, but does not fall within any of the Teague exceptions. Accordingly, Blakely and Booker do not apply retroactively to cases on collateral review.

The Fifth Circuit has not yet addressed whether Booker is retroactively applicable on initial collateral review, although it recently held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, 408 F.3d 211 (5th Cir. 2005). The Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review, however, and have reached the same conclusion as the Court does herein. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F.3d. 864 (11th Cir. 2005)(same); Guzman v. United

States, 404 F.3d 139 (2d Cir. 2005)(same); Lloyd v. United States, 407 F.3d 608 (3d Cir. May 17, 2005)(same); United States v. Bellamy, __ F.3d __, 2005 WL 1406176 (10th Cir. June 16, 2005)(same).

Because the Court concludes that Booker is not retroactive to cases on collateral review, and because Alanis-Salinas' conviction became final prior to January 12, 2005, he is not entitled to relief under Booker. Moreover, even if Alanis-Salinas' motion were timely, he would not be entitled to relief under Booker because he was sentenced at the statutory minimum for his offense, as explained in the subsequent section.

**C.     Merits of Alanis-Salinas' Booker Claim**

As noted, Alanis-Salinas was found guilty by a jury of knowingly and intentionally possessing with intent to distribute approximately 298 kilograms of marijuana in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Prior to trial, the government filed an information of prior conviction. (D.E. 13). The government represented that Alanis-Salinas had one prior drug felony conviction and was therefore liable for the enhancement provisions of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The Court so found at sentencing, in adopting the PSR. Under the aforementioned provisions, his statutory minimum sentence was 120 months, rather than 60 months.

Although it is true that his prior conviction was not a "fact" found by the jury beyond a reasonable doubt, there was nonetheless no error under Booker. The Supreme Court's recent decisions have continued to reaffirm that the fact of a prior conviction is explicitly exempted from the Apprendi rule. See, e.g., Apprendi, 530 U.S. at 490 ("**Other than the fact of a prior conviction**, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")(emphasis added). Indeed, in both Blakely and

Booker, the Supreme Court explicitly noted an exception for the fact of a prior conviction. See, e.g., Blakely, 124 S. Ct. at 2536 (quoting same passage from Apprendi); Booker, 125 S. Ct. at 756 ("we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").[9] Thus, even if his claim were timely and properly before the Court, Alanis-Salinas would not be entitled to relief.

### D.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Although Alanis-Salinas has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

---

[9]   The Court notes that the continuing viability of what has become known as the "prior conviction exception" has been called into question by one member of the Supreme Court majority that first recognized the exception. Specifically, Justice Thomas, the key fifth vote in the five-member majority in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which recognized the exception, has recently noted:

> Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided. See 523 U. S., at 248–249 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); Apprendi, supra, at 520–521 (THOMAS, J., concurring). The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.

Shepard v. United States, 125 S. Ct. 1254, 1264 (2005)(THOMAS, J., concurring). Thus, while the future of the "prior exception conviction" may be uncertain, at present there is controlling Supreme Court precedent endorsing that exception, precedent that this Court must follow.

"The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Alanis-Salinas has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Alanis-Salinas is not entitled to a COA.

### IV. CONCLUSION

For the above-stated reasons, Alanis-Salinas' motion under 28 U.S.C. § 2255 (D.E. 32) is DENIED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 5th day of July, 2005.

_____
Janis Graham Jack
United States District Judge